IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA DANIEL MILLS,

    Plaintiff,                                No. CIV S-12-166 KJM GGH

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.                            <u>ORDER</u>

/

        This matter comes before the court upon plaintiff's filing of a motion for a temporary restraining order on January 23, 2012. (ECF No. 3). After considering the motion and the underlying complaint, the court DENIES the motion.

I. <u>STANDARD</u>

        A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely

1

to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical"). Plaintiffs must satisfy all four prongs of this test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Furthermore, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 375-76. Rather, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375. "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 376 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). The Ninth Circuit employs the "serious questions" test, which states "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Wild Rockies*, 632 F.3d at 1135.

II. <u>ANALYSIS</u>

Plaintiff has filed a civil rights action, 42 U.S.C. § 1983, alleging violation of his constitutional rights. In the complaint, plaintiff alleges, *inter alia*, that while he was housed in the B-Yard of Pelican Bay State Prison (PBSP), he had problems with his cell-mate, a skinhead, and so was placed in Administrative Segregation (Ad-Seg) at his request; he was transferred to Placer County Jail for a hearing in a dependency case; when he was returned to PBSP, he was placed on A-Yard; when he later attended a committee hearing about his placement, he learned

1  he would be placed back on B-Yard; plaintiff protested because of his enemies on B-Yard and
2  was assaulted by correctional officials; he was later transferred to California State Prison-
3  Sacramento (CSP-SAC) for court proceedings while he was housed at CSP-SAC he was
4  approved for placement on a Sensitive Needs Yard (SNY); he told prison officials he feared for
5  his life if he was sent back to PBSP; officials at CSP-SAC assured him he would not be sent
6  back to PBSP; he was sent back to PBSP, which does not have a SNY.  Complaint, ECF No. 1 ¶¶
7  15-25.  Plaintiff alleges that defendants transferred him in order to place his life in danger and
8  that this conduct violates his Eighth Amendment right to be free of cruel and unusual
9  punishment, among other things.  *Id*. ¶¶ 26, 28-31.  He names as defendants the Department of
10  Corrections and Tim Virga, the warden of CSP-SAC, as well as numerous "Doe" defendants.  *Id*.
11  ¶¶ 8-9.

12       In his request for a temporary restraining order, plaintiff again alleges that he has
13  enemies on B-Yard of PBSP and that correctional officers at PBSP assaulted him.  Declaration
14  of Joshua Daniel Mills, ¶¶ 6, 9.  He provides no further details.

15       The court denies plaintiff's motion.  As noted, he has named only two defendants:
16  the Warden of CSP-SAC and the Department of Corrections.  The latter is not amenable to suit
17  in this court, no matter the nature of the relief sought.  *Puerto Rico Aqueduct & Sewer Auth. v.*
18  *Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982).  In
19  addition, nothing on the face of the pleadings suggests that the Warden of CSP-SAC has the
20  authority to make any orders regarding plaintiff's placement in light of the fact that plaintiff is no
21  longer imprisoned at CAP-SAC.  *See* CAL. CIV. CODE § 5080.  On the pleadings as they now
22  stand, plaintiff has not shown, therefore, that he is likely to succeed on the merits of his claim for
23  temporary injunctive relief.

24       IT IS THEREFORE ORDERED that plaintiff's request for a temporary
25  restraining order (ECF No. 3) is denied without prejudice.
26  DATED: January 24, 2012.

_____
UNITED STATES DISTRICT JUDGE

3