IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA DANIEL MILLS,

     Plaintiff,                    No. CIV S-12-0166 KJM GGH P

     vs.

TIM VIRGA, et al.,                ORDER &amp;

     Defendants.            FINDINGS &amp; RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding with retained counsel. He seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has filed an amended complaint.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8  A complaint must contain more than a "formulaic recitation of the elements of a
9  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged." Id.

19 In reviewing a complaint under this standard, the court must accept as true the
20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
22 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
23 1843 (1969).

24 Plaintiff states that defendants Officer Mcelroy and Officer Wong told him he was
25 being transferred from California State Prison-Sacramento (CSP-Sac) to Pelican Bay State Prison
26 (PBSP).  Plaintiff states his life is in danger at PBSP as he is a classified to be on a sensitive

needs yard (SNY), and he states there is no SNY at PBSP, and he had trouble there in the past. Plaintiff was in general population for two days at PBSP before being placed in Administrative Segregation for his own safety and there are no allegations of injury. Plaintiff alleges that defendants Murray and Holloway took his prescription sunglasses and as a result he has been unable to go outside as the sun causes migraine headaches, in violation of the Eighth Amendment. Plaintiff also states that Murray and Holloway took his sunglasses in retaliation because plaintiff filed a 602 appeal against defendant Breckenridge who allegedly once told plaintiff not to have his attorney call the facility anymore. However, there are no allegations that Breckenridge was involved in the taking of the sunglasses.

Plaintiff has stated a cognizable claim against Murray and Holloway with respect to the Eighth Amendment claim with the sunglasses, though the allegations against Mcelroy and Wong regarding the transfer fail to state a claim and should be dismissed without leave to amend. The retaliation claim will be dismissed with leave to amend.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Simply being transferred to another prison, spending two days in general population and then being placed in Ad. Seg. away from the general population, without anything else occurring, fails to state a claim under the Eighth Amendment.

Nor does plaintiff being transferred to another prison that did not suit his classification status raise a viable claim. A prisoner does not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections). Thus, in general, prison officials' housing and classification decisions do not give rise to federal

constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223–225, 96 S.Ct. 2532, 2538 (1976). See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's "place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating the prisoner's due process rights). This latter case appears to fit plaintiff's situation because his seeming conclusion that he cannot be transferred to a prison with more restrictive rules for persons who might be in potential danger, i.e., administrative segregation, is simply a living arrangement which is more disagreeable than the SNY yards. Although plaintiff may well have had a claim had he been permanently placed in general population at Pelican Bay, such did not happen as he spent only two inconsequential days in the unprotected status. As it is clear that no amount of amendment would cure these deficiencies, McElroy and Wong should be dismissed from this action without leave to amend.[1]

With respect to the claim of retaliation, plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802 (9th Cir.1995). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a

---

[1] Plaintiff's claim that these two officers merely told him he was being transferred does not suggest that these officers had the means to take any authoritative action in this regard.

4

prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir.1990). Plaintiff's one conclusory sentence regarding retaliation fails to state a claim and the allegations fail to describe how defendant Breckenridge was involved in any alleged retaliation.[2] This claim is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that the first amended complaint is dismissed with leave to amend with respect to defendants Murray, Holloway and Breckenridge

---

[2] Nor is this claim even listed under the claims for relief section.

1 and the retaliation claim, within twenty-eight days from the date of service of this order.  Failure
2 to file a second amended complaint will result in this claim being dismissed and this case
3 continuing solely against Murray and Holloway with respect to the Eighth Amendment
4 sunglasses claim.

5       IT IS HEREBY RECOMMENDED that defendants Mcelroy and Wong be
6 dismissed from this action with prejudice.

7       These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within seven days after service of the objections.  The parties are
13 advised that failure to file objections within the specified time may waive the right to appeal the
14 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: April 23, 2012

16                     /s/ Gregory G. Hollows
                  UNITED STATES MAGISTRATE JUDGE

17 GGH: AB
mill0166.b