IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA DANIEL MILLS,

        Plaintiff,                    No. 2:12-cv-0166 KJM AC P

    vs.

VIRGA, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding with counsel on his first amended complaint filed pursuant to 42 U.S.C. § 1983.

        On June 14, 2012, the magistrate judge previously assigned to this action found that the first amended complaint may state a cognizable claim for relief against defendants Murray and Holloway, and directed the Clerk to issue summonses to plaintiff for the purpose of service of process. ECF No. 12 at 2. The court's June 14, 2012 order instructed plaintiff to complete service of process in accordance with Federal Rule of Civil Procedure 4 within 60 days from the date of the court's order. <u>Id.</u> The court further ordered that, within 120 days, plaintiff and defendants should each submit a status report to the court, and that plaintiff's status report include the date and manner of service of process. <u>Id.</u> at 2-3.

1

On October 3, 2012, the court directed plaintiff to show cause why the action should not be dismissed for failure to prosecute, as plaintiff had failed to communicate with the court regarding whether he had completed service. ECF No. 16.

Counsel for the plaintiff has now responded. ECF No. 17. In her response, counsel declares that: (1) she served both defendants by certified mail at their work address; (2) she has no way to enter the institution in order to locate and to serve defendants personally; (3) she has received a letter from the Attorney General advising that her service on defendant Murray was deficient; and (4) she has not received any communication from the Attorney General regarding her service of defendant Holloway. Counsel concludes that

> [u]nless the Court orders service on these defendants through the United States Marshall's Office, I have no way to personally serve either of these defendants since I do not know where they live and I have no way to enter the prison grounds and serve them personally. . . . I do not have the ability to wander around the prison grounds in an attempt to locate someone to personally serve him or her with a Summons and Complaint.

ECF No. 17 at 3-4.

Counsel does not advise the court why she did not file a proof of service, pursuant to Federal Rule of Civil Procedure 4(l), nor does counsel cite any authority for her apparent contention that service by certified mail on defendants at their place of employment complies with Federal Rule of Civil Procedure 4(e). Counsel does not indicate whether she has contacted the Litigation Coordinator at the prison regarding logistics for effecting service, which would be the proper way to proceed.

It is also unclear to the court if counsel for the plaintiff is moving the court for an order for service by the U.S. Marshall, pursuant to Federal Rule of Civil Procedure 4(c), or for default by defendant Holloway. Neither request is appropriate.

The court is accordingly unable to discharge the order to show cause, as it cannot determine whether service of process has in fact been effected on both defendants, and, if so, when. The court shall therefore sua sponte extend the time for service of process, pursuant to

2

Federal Rule of Civil Procedure 4(m), for sixty days from the date of this order. Plaintiff is directed to complete service as necessary, and, if not necessary, to file with the court any appropriate affidavits or motions. Failure to comply with the terms of this order shall result in a recommendation that the action be dismissed for failure to prosecute, as outlined in the court's October 3, 2012 order to show cause.

        IT IS SO ORDERED.

DATED: February 21, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

mill0166.osc(2)