UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIM VIRGA, et al.,<br><br>　　　　　Defendants. | No. 2:12-cv-0166 KJM AC P<br><br><br>FINDINGS and RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding with counsel who seeks injunctive and monetary relief under 42 U.S.C. § 1983. The action was commenced on January 23, 2012 when plaintiff filed his original complaint and motion for a temporary restraining order, and now proceeds on the basis of the amended complaint filed on February 28, 2012 (ECF No. 9). The sole claim remaining in the case involves the alleged confiscation of plaintiff's prescription sunglasses by defendant Murray, and defendant Holloway's subsequent refusal to return the glasses. See ECF Nos. 10, 12, 15. Defendants have moved to dismiss, alleging that plaintiff failed to exhaust his administrative remedies.[1] ECF No. 25. The motion was argued before the undersigned on July 24, 2013.

---

[1] The motion was originally filed by defendant Murray only, and was subsequently joined by defendant Holloway. See ECF Nos. 25, 26. Joinder is appropriate, and the court therefore treats the motion as one brought by and on behalf of both defendants.

1

*The Administrative Exhaustion Requirement*

42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined to in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of all available remedies is mandatory in prisoner civil rights suits. See Porter v. Nussle, 534 U.S. 516, 525-26 (2002); see also Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Exhaustion is a precondition to suit, and not to judgment, meaning that all administrative remedies must be exhausted before the complaint may be entertained. See McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). Even where the prisoner seeks relief not available in grievance procedures, such as money damages, exhaustion is a prerequisite to suit. Id. at 525 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The Ninth Circuit has recognized that exhaustion may be excused "where repeated rejections of an inmate's grievances at the screening stage may give rise to a reasonable good faith belief that administrative remedies are effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."); Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

Administrative exhaustion is an affirmative defense. Jones, 549 U.S. at 216. "The burden of establishing nonexhaustion therefore falls on defendants." Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003). Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino v. Baca, 697 F.3d 1023, 1030-31 (9th Cir. 2012).

California inmates must pursue administrative appeals through three levels of review to

exhaust their remedies.  See  15 Cal. Code Regs. § 3084.7; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing predecessor regulation).

*The Motion to Dismiss*

Defendants argue that plaintiff's claim is unexhausted because plaintiff brought suit prior to the conclusion of second level review of the pertinent grievance, and never sought third level review.  In support of their motion, defendants provide the court with the affidavits of: (1) L.D. Zamora, Chief of Inmate Correspondence and Appeals Branch; (2) K. Daly, an Appeals Coordinator at CSP-Sacramento; and (3) J.D. Lozano, Chief of the Office of Appeals, formerly the Inmate Appeals Branch.  ECF Nos. 25-2, 25-3, 25-4.  Also provided to the court are copies of plaintiff's appeals regarding confiscation of his sunglasses (through the first and second levels), the First and Second Level Responses, and inventories or logs maintained by CDCR which reflect the various appeals filed by plaintiff.  Defs. Ex. A, ECF No. 25-5.

Plaintiff has submitted the declarations of himself and his counsel, with supporting documentation.

Taken as a whole, these exhibits establish the following timeline:

- On October 23, 2011, plaintiff signed an inmate appeal challenging the confiscation of his sunglasses.  It was received for first level review on October 25, 2011;
- On November 11, 2011, the appeal was partially granted at the first level.
- On unknown date, plaintiff submitted the appeal to the second level;
- On November 28, plaintiff's counsel wrote to the Office of Appeals inquiring about the status of the appeal;
- On December 7, 2011, the second level appeal was screened out as incomplete and returned to plaintiff for correction;
- On December 13, 2011, D. Foston wrote to plaintiff's counsel reporting that plaintiff had not (re)submitted the appeal for second level review;
- On December 18, 2011, plaintiff was transferred from CSP-Sacramento to Pelican Bay State Prison;

3

1 
2 
3 
4 
5 
6 

- On January 13, 2012, a corrected appeal was received at the second level for review, supported by documentation including a letter from a doctor dated January 5, 2012;
- On January 23, 2012, the complaint initiating this action was filed;
- On February 15, 2012, the inmate appeal was denied at the second level;
- No third level appeal was submitted.

It is beyond dispute that this lawsuit was initiated while plaintiff's appeal was pending at the second level. At hearing on the motion, counsel for plaintiff acknowledged as much, and candidly stated that she had "jumped the gun" by filing the initial complaint prior to exhaustion of administrative remedies.[2]

Plaintiff's written opposition to dismissal argues that exhaustion should be excused as futile because, as the result of plaintiff's transfer on December 18, 2011 and notorious problems with the CSP-Sacramento mailroom at the time, he did not receive a copy of the second level denial. ECF No. 29. However, the record demonstrates that plaintiff had filed his second level appeal only ten days before he filed suit. Because a response to the appeal was not yet due, see 15 Cal. Code Regs. §§ 3084.6(b)(3) and (b)(6), plaintiff cannot have believed that a response was delayed or lost or that the appeals system was otherwise unavailable to him. Moreover, the fact that plaintiff was able to successfully submit a second level review to the CSP-Sacramento warden from Pelican Bay undercuts his argument that mail problems rendered the exhaustion process unavailable. Plaintiff's appeal was denied at the second level after suit was filed, and it appears that the remaining available remedy – third level review – was not pursued.

The question whether plaintiff eventually exhausted his administrative remedies, however, or might on some theory be excused from seeking third level review, is irrelevant to the inquiry here. See McKinney, 311 F.3d at 1999-1200 (quoting Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (exhaustion must be completed prior to suit, and the requirement is not

---

[2] Counsel explained that she filed when she did in order to seek a temporary restraining order.

4

1  satisfied by completion of exhaustion during pendency of suit)).  Because plaintiff's claim was

2  not administratively exhausted before he brought suit, but was actively under consideration in the

3  middle stage of that process, this court is required to dismiss this action without prejudice.  Id. at

4  1999-1201 (dismissal of action mandatory when claim was not exhausted pre-suit).

5           Accordingly, IT IS HEREBY RECOMMENDED that:

6           1.  Defendants' motion to dismiss (ECF No. 25) be granted; and

7           2.  This action be dismissed without prejudice for failure to exhaust.

8  These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. ' 636(b)(l).  Within fourteen (14)

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within fourteen (14) days after service of the objections.  The parties are

14  advised that failure to file objections within the specified time may waive the right to appeal the

15  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16  DATED: July 24, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/mill0166.fr

5